## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANGELA BREWER *individually and on behalf of all others similarly situated,* | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| JUSTPLAY GMBH D/B/A JUSTPLAY and GIMICA GMBH D/B/A GIMICA GAMES, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

### CLASS ACTION COMPLAINT

Plaintiff Angela Brewer ("Plaintiff"), individually and on behalf of all other persons similarly situated, by and through her attorneys, brings this Class Action Complaint for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), against Defendants JustPlay GmbH ("JustPlay") and Gimica GmbH ("Gimica") (collectively, "Defendants"), and alleges on personal knowledge, due investigation of her counsel and, where indicated, on information and belief as follows:

### I.     NATURE OF THE ACTION

1.     Plaintiff brings this action for damages, as well as other legal and equitable remedies, resulting from the unlawful conduct of Defendants as it relates to the biometric privacy rights of Illinois residents.

2.      Specifically, Defendants collect, use, store, and profit from Illinois consumers' biometric identifiers and biometric information[1] without first obtaining prior express written consent, as required under BIPA.

3.      Defendants own and/or operate the "JustPlay mobile application," a loyalty program platform "that enables instant rewards for players for the time they invest in our games."[2][3] According to JustPlay, the JustPlay mobile application is the "Gimica Games Loyalty Program, an app made exclusively for Gimica Games players."

4.      For players to receive these cash rewards, they are required to verify their accounts by undergoing ID verification, which includes a face scan to verify that users match the identity they have provided to JustPlay. JustPlay's mobile application uses a software development kit (SDK) from a company named FaceTec to verify players' identities. Further, the ID verification pages on the JustPlay mobile application displays the logo "JustPlay by Gimica Games," indicating that both Gimica and JustPlay collect, use, store, and profit from users' biometrics.

5.      To enroll in JustPlay's rewards program, the user must download the JustPlay mobile application, select games offered by Gimica Games that will count towards their loyalty rewards, and then play those games (which include paid advertising) to accumulate rewards. From there, a three-hour countdown begins and a loyalty rewards goal (which the user must meet to collect their rewards in cash) is set. Once the three-hour timer ends and the loyalty rewards goal is met, the user is then prompted to "cash out."

---

[1] "'Biometric identifier' means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. "'Biometric information' means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* ("Biometric identifier" and "Biometric information" are collectively referred to herein as "Biometrics".)
[2] https://www.justplayapps.com/about
[3] In order to collect the loyalty rewards, players are required to utilize a secondary platform, Gimica Games, to find/download app games that count towards the loyalty rewards.





6.     Additionally, after players have downloaded the JustPlay application and met the requisites for the loyalty rewards program, they (1) provide their email address and full name, and

(2) take a "selfie" from which Defendants collect a scan of facial geometry sufficient to uniquely identify the user. At the same time, users are required to allow the JustPlay application to access their location (i.e. turning on location services).

7.     JustPlay and Gimica jointly and actively collect biometric identifiers, have control over the biometric identifiers, can access the biometric identifiers, and actually use the biometric identifiers—evidenced by the fact that Defendants match each user's facial geometry against the ID photo requirements. Defendants also profit from the biometric identifiers through increased user engagement and paid advertisements.

8.     In sum, Defendants collected the Biometrics of Plaintiff and putative class members without prior express written consent as required under BIPA. And, because of the identifying information required to use their platforms, Defendants were more than capable of associating the Biometrics collected with the users' identities.

9.     Biometrics, including biometric identifiers, are particularly sensitive personal information. As the Illinois Legislature has found, "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

10.     In recognition of these concerns over the security of individuals' biometric data, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity may not obtain and/or possess an individual's Biometrics unless it: (1) informs that person (or their representative) in writing that a biometric identifier or biometric information is being collected or

stored, *id.* 14/15(b)(1); (2) informs that person in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used, *id.* 14/15(b)(2); (3) receives a written release from the person (or their representative) for the collection of her or her biometric identifier or information, *id*. 14/15(b)(3); and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric data, *id.* 740 ILCS 14/15(a). Further, the entity must store, transmit, and protect from disclosure all Biometrics using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information. *Id.* 14/15(e). Finally, no private entity may sell, lease, trade, or otherwise profit from a person's or customer's Biometrics. *Id.* 14/15(c).

11.    In violation of Section 15(b) of BIPA, Defendants are actively collecting, storing, and using—without providing adequate notice or obtaining written releases—the biometric identifiers and/or biometric information of thousands of Illinois residents who have downloaded the JustPlay application. *See* 740 ILCS 14/15(b).

12.    In violation of Section 15(c) of BIPA, Defendants are unlawfully profiting from the sale or commercial use of biometric identifiers. Defendants profit from increased user engagement and advertising revenue, and users are required to provide scans of face geometry to cash out any earned loyalty rewards. As such, Biometrics are a necessary element of Defendants' business model, and by marketing its application and services, Defendants are commercially disseminating the Biometrics. *See* 740 ILCS 14/15(c).

13.    BIPA confers on Illinois residents, inclusive of Plaintiff and the putative class, a right to know about the inherent risks of Biometrics collection and storage, and a right to know how long such risks will persist.

14.    Defendant failed to comply with its duties under Illinois law—JustPlay never adequately informed its consumers of its Biometrics collection practices, never obtained written consent from any of its consumers and never provided any data retention or destruction policies to any of its consumers.[4] Moreover, Defendants invaded Plaintiff's and putative class members' privacy through the unauthorized collection, retention and use of their Biometrics.

15.    As such, Plaintiff brings this action on behalf of herself and all others similarly situated to prevent Defendants from further violating the statutory rights of Illinois residents, as well as to recover statutory damages for Defendants' violations.

## II.    PARTIES

16.    Plaintiff Angela Brewer is an Illinois resident residing in Vermillion County who had her biometric identifiers collected in December 2023 through the JustPlay platform after she met the required threshold of loyalty rewards to cash out. Plaintiff was not informed that her biometric identifiers were being taken, was not presented with a written retention/deletion schedule and never gave written consent to have her biometric identifiers taken.

17.    Defendant JustPlay GmbH is a limited liability company[5] with its headquarters in Berlin, Germany.

18.    Defendant Gimica GmbH is a limited liability company[6] with its headquarters in Berlin, Germany.

19.    Defendants jointly own and/or operate a loyalty program and gaming platform that enables users to accumulate loyalty coins through gameplay on the JustPlay mobile application. Defendants then utilize an SDK from FaceTec to verify users' identities as a condition of

---

[4] The Gimica Privacy Policy was updated on September 3, 2024 to newly reference BIPA.
[5] GmbH stands for Gesellschaft mit beschränkter Haftung which translates to "company with limited liability," similar to a limited liability company (LLC) in the United States.
[6] *Id.*

converting loyalty rewards to real cash payouts. Defendants offer the JustPlay mobile application in the United States and have over 2 million downloads in the United States since March 2024.[7]

### III.    JURISDICTION AND VENUE

20.    This Court has subject matter jurisdiction and personal jurisdiction over the parties in this lawsuit.

21.    This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d), in that: (i) this is a class action involving more than 100 class members and at least one class member is a citizen of a state different from JustPlay and (ii) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

22.    This Court has personal jurisdiction over Plaintiff because she is a citizen of Illinois and resides in this judicial district.

23.    Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has *in personam* jurisdiction over JustPlay and Gimica because each conducts commerce in the State of Illinois and is therefore present in the State of Illinois such that requiring an appearance does not offend traditional notions of fair play and substantial justice.

24.    Specifically, this Court has personal jurisdiction over Defendants because the JustPlay mobile application has had numerous downloads in Illinois, users complied with Defendants' ID verification while present in Illinois, and users' facial geometry was uploaded, scanned, and collected from Illinois. Defendants used and disseminated data derived directly from Illinois users, including Plaintiff, and exposed residents of Illinois to ongoing privacy risks within

---

[7] Plaintiff alternatively alleges on information and belief that JustPlay is the agent of Gimica, and that Gimica controlled and/or ratified the conduct at issue in this action. Thus, in addition to being directly liable, JustPlay and/or Gimica are vicariously liable under principles of agency law.

Illinois based on the collection, capture, obtainment, disclosure, redisclosure and dissemination of biometric identifiers.

25.    The images Defendants used for their unlawful collection, capture and obtainment of biometric identifiers were submitted by Illinois residents while using the mobile application in their home state. Defendants knew, or should have known, that their collection, capture, obtainment, disclosure, redisclosure and dissemination of impacted individuals' biometric identifiers would injure Illinois residents and citizens.

26.    Defendants knew or had reason to know that collecting, storing, using, disclosing and disseminating Illinois citizens' biometric identifiers without providing the requisite notice or obtaining the requisite consent would deprive Illinois citizens of their statutorily protected privacy rights, neutralize Illinois citizens' ability to control access to their biometric identifiers and expose Illinois citizens to potential surveillance and other privacy harms as they went about their lives within the State.

27.    Venue is proper in this judicial district because Plaintiff and many Class Members reside in the Central District of Illinois and throughout the State of Illinois, and a substantial part of the events or omissions giving rise to Plaintiff's and putative class members' claims occurred in this judicial district.

## IV.    FACTUAL ALLEGATIONS

### The Illinois BIPA

28.    In 2008, the Illinois Legislature enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it comes to biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.

8

29.     BIPA makes it unlawful for a company to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

(l) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject ... in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative."

740 ILCS 14/15 (b).

30.     The statute defines biometric identifiers as follows: "'Biometric identifier' means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry."

31.     As detailed herein, this case concerns Defendants' collection, possession, and use of biometric identifiers by a "scan of . . . face geometry."

32.     To facilitate these informed notice and consent provisions, Section 15(a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

33.     BIPA also makes it unlawful to share, sell, or "otherwise profit" from biometric identifiers without the proper consent: "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

34.     To enforce BIPA's requirements, the statute includes a private right of action authorizing "[a]ny person aggrieved by a violation" to sue and recover for each violation damages of $1,000 for a negligent violation, or $5,000 in the event of an intentional or reckless violation, plus attorneys' fees, costs, and appropriate injunctive relief. 740 ILCS 14/20.

### Defendants' Business & Collection of Biometrics

35.     The JustPlay mobile application "is in the top 100 most downloaded apps from Google Play in the US."[8] JustPlay states they "are building the first platform that rewards both developers and players in games equally." Currently, their app is downloaded over 350,000 times a month by United States-based players.

36.     Defendants jointly own and/or operate the "JustPlay mobile application," a loyalty program for players which allows them to earn rewards for playing games offered by Gimica Games. Users gain loyalty rewards based on the games they download and play, the ads they watch, and their overall progress. Users are then allowed to "cash out" these rewards every three hours of play. According to Defendants, the JustPlay mobile application is the "Gimica Games Loyalty Program, an app made exclusively for Gimica Games players."

---

[8] https://www.justplayapps.com/who-we-are



## Enter cashout data

**Email address**

* Enter a valid email. E.g.: example@mymail.com

**Confirm email**

**Full Name**



37.    In order to process cash payments to users, the JustPlay mobile application requires users to enter their email and full name.

38.    Defendants then utilize the FaceTec SDK to verify the identity of players by requiring users to take and upload a picture of themselves.







39.    Lastly, the Platforms require the players to share their location data.



40.    According to JustPlay's Privacy Policy, "The app requests access to your device's

camera for security purposes. To ensure that users do not create ***multiple accounts*** or use bots, we

ask users to ***create a facemap*** using the selfie functionality. This is facilitated through technology provided by FaceTec, which helps us verify the authenticity of accounts."[9]

41.    "FaceTec isn't just a selfie, it's a real-time 3D FaceScan that collects time-stamped, un-reusable Liveness data that creates a 3D FaceMap, which IS NOT publicly available online."[10]

42.    Numerous players across the state of Illinois downloaded this app and, in order to recover the money they earned through the loyalty program, had their faces mapped and location data tracked.

43.    Defendants used FaceTec to create a "facemap" of players on their mobile application and loyalty platform.

44.    A player cannot collect their winnings without providing this identifying information.

45.    Plaintiff and putative class members provided the information requested by Defendants to utilize the platforms and collect their rewards.

46.    Accordingly, the "selfie" photograph submitted by users is scanned for biometric identifiers using the FaceTec technology. And Defendants not only collected and possessed Biometrics through a scan of face geometry, Defendants also collected and possessed the full name, email, and location for each person seeking cash rewards.

47.    In addition, Defendants can match the scanned biometric identifiers with the real-world identifying information (name, email, and location) it has just collected from players, as described above.

---

[9] https://www.justplayapps.com/privacy-policy (last accessed October 15, 2024).

[10] https://www.facetec.com/#:~:text=But%20FaceTec%20isn't%20just,user%20is%20actually%20physically%20present (last accessed October 15, 2024).

48.     Defendants actively collect biometric identifiers, has control over the biometric identifiers, can access the biometric identifiers, and actually uses the biometric identifiers as evidenced by the fact that Defendants match each player's facial geometry against their existing database to ensure that players are ***not*** creating duplicate accounts or using bots.[11]

49.     Defendants could not ensure that the players are not creating multiple accounts or using bots without scanning facial geometry—i.e., the geometry of the eyes, mouth, and face. Such measurements are unique to the individual. The scan of Plaintiff Brewer's facial geometry is distinct from the scan of any member of the putative class. Defendants have the ability to match these scans of facial geometry with the names, email addresses, and current location it tracks while the player is using the app, which it collected from each player prior to performing the scans.

50.     Simply put, Defendants devised and profited from a platform whereby they collected the Biometrics of Plaintiff and putative class members and were, as a result of the identifying information required to use the platform, capable of associating the Biometrics collected with the users' identities.

51.     Beyond that, on information and belief, the generated scan of face geometry is sufficiently detailed, precise, and capable of identifying an individual even if it was anonymously collected by Defendants and was not accompanied by personal contact data like name or email address. This technology exists now and continues to mature. And for this reason, BIPA defines "biometric identifier" as a scan of face geometry which, by definition, can identify an individual. As just one example, Clearview AI, Inc. ("Clearview") gained national attention after a New York Times investigation documented how anyone with access to the company's mobile app could snap

---

[11] https://www.justplayapps.com/privacy-policy

or upload a picture and identify an individual in the image with a high level of accuracy.[12] Specifically, Clearview used facial recognition technology to capture more than three billion scans of face geometry (i.e., faceprints) from publicly-available photos on the internet. To create a faceprint, Clearview's system scans the photo, measures and records data such as the shape of the cheekbones and the distance between eyes, nose, and ears, and assigns that data a numerical value. These faceprints were then collected into a database, with faceprints for similar-looking faces clustered together. Clearview sold access to its technology, database, and investigative tools—the "world's best facial-recognition technology combined with the world's largest database of headshots"—by subscription to public and private entities.[13] When a user wants to identify someone, the user uploads a photo. The system then processes the request, finds matches, and returns links to publicly-available images on the internet. The linked websites will include additional information about the person identified, including full name and location.

### Representative Plaintiff's Experiences

*Plaintiff Angela Brewer*

52.    Plaintiff Brewer is, and has been at all relevant times, an Illinois resident.

53.    On, or about January 12, 2022, Plaintiff Brewer downloaded the JustPlay mobile application to track and collect her loyalty rewards to exchange into cash.

54.    In order to exchange the rewards into cash, she entered her email and PayPal information and followed the prompts to take a selfie for JustPlay verification. Using the embedded

---

[12]https://www.nytimes.com/2020/01/18/technology/clearview-privacy-facial-recognition.html?searchResultPosition=1.

[13]https://www.consumerreports.org/electronics-computers/privacy/why-illinois-has-become-a-battleground-for-facial-recognition-protection-a1376302521/.

FaceTec technology, Defendants scanned her facial geometry from that selfie, and collected, captured, stored, and/or otherwise obtained Plaintiff's Biometrics.

55.    Prior to collecting and using Plaintiff's Biometrics, Defendants: (i) did not inform Plaintiff in writing that it was collecting her Biometrics, (ii) did not inform Plaintiff of the specific purpose and length of term for which any Biometrics is being collected, stored, and used; and (iii) did not receive a written release from Plaintiff.

56.    Plaintiff did not know that Defendant would collect, obtain, store, and/or use her biometric identifiers or biometric information.

57.    Plaintiff did not give informed written consent for Defendants to collect, obtain, store, and/or use her biometric identifiers or biometric information.

## V.    CLASS ALLEGATIONS

58.    This action is brought by Plaintiff, individually and on behalf of a proposed Class (the "Class") of all other persons similarly situated, pursuant to Federal Rule of Civil Procedure 23, defined as follows:

> All Illinois citizens during the statutorily allowed period whose biometric identifiers or biometric information were collected, captured, possessed, used, transmitted, disseminated, stored, or otherwise obtained by Defendants via the JustPlay mobile application without prior express written consent.

59.    All members of the proposed Class are citizens of Illinois.

60.    The principal injuries resulting from the alleged conduct, or any related conduct of each Defendant were incurred in Illinois.

61.    Excluded from the proposed Class are any claims for personal injury, wrongful death, or other property damage sustained by the Class; and any Judge conducting any proceeding in this action and members of their immediate families.

62.     The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members is unknown at this time, it is generally ascertainable by appropriate discovery, is in the exclusive control of Defendants and it is believed that the Class may include at least thousands of members.

63.     Common questions of law or fact arising from Defendants' conduct exist as to all members of the Class. These common questions include, but are not limited to, the following:

   a.   Whether Defendants collected or otherwise obtained Plaintiffs' and the Class's biometric identifiers or biometric information;

   b.   Whether Defendants properly informed Plaintiff and the Class that they collected, used, and stored their biometric identifiers or biometric information;

   c.   Whether Defendants obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store Plaintiffs' and the Class's biometric identifiers or biometric information;

   d.   whether Defendants sold, leased, traded, or otherwise profited from Plaintiffs' and Class members' biometric identifiers or biometric information; and

   e.   whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently.

64.     Class action treatment provides a fair and efficient method for the adjudication of the controversy herein described, affecting a large number of persons, joinder of whom is impracticable.

65.     The class action device provides an appropriate and effective method whereby the enforcement of the rights of Plaintiff and members of the Class can be fairly managed without unnecessary expense or duplication.

66.    The expense and burden of individual litigation of a case of this magnitude makes it impracticable for individual Class members to seek redress for the wrongs worked upon them.

67.    Individual litigation of all claims which might be asserted by all Class members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years.

68.    The certification of a Class would allow litigation of claims that, in view of the expenses of litigation, may be insufficient in amounts to support separate actions.

69.    Concentrating this litigation in one forum would aid judicial economy and efficiency, promote parity among the claims of individual Class members, and result in judicial consistency.

70.    Plaintiff will fairly and adequately protect the interests of the Class she represents. The interests of Plaintiff, as the Class representative, are consistent with those of the members of the Class.

71.    In addition, Plaintiff is represented by counsel experienced in complex and class action litigation.

72.     The prosecution of separate actions by individual members of the Class would create a risk of:

    a.  Inconsistent or varying adjudications with respect to individual members of the Class; and

    b.  Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

73.     Plaintiffs and Class members envision no unusual difficulty in the management of this action as a Class action.

## VI.    CAUSES OF ACTION

### COUNT I
### Violations of 740 ILCS 14/15(b)
### Failure to Obtain Informed Written Consent and Release Before Obtaining Biometrics
### (on behalf of Plaintiff and the Class)

74.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

75.     BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

76.     Defendant is a business entity and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

77.     Plaintiff and the Class members are individuals who had their biometric identifiers and/or biometric information collected, used, and stored by Defendants, as explained in detail above. *See* 740 ILCS 14/10.

78.     Defendants systematically collected, used, stored, and otherwise obtained Plaintiff and the Class members' biometric identifiers and/or biometric information by collecting and using scans of their facial geometry from digital photographs, as explained in detail above.

79.     Defendants did not comply with any of the requirements of BIPA Section 15(b).

80.    Prior to collecting and using Plaintiff's and Class members' Biometrics, Defendants never informed Plaintiff, and never informed any Class member, in writing, that their biometric identifiers and/or biometric information were being collected, captured, stored, and/or used, nor did Defendants inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

81.    By collecting, capturing, storing, and/or using Plaintiffs' and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiffs' and the Class's rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq.*

82.    As detailed above, prior to collecting and using Plaintiff's and Class members' **biometric identifiers or biometric information, Defendants** required that each user of the JustPlay mobile application provide their names, email, and current location data. This information enables Defendants to associate the collected biometric identifiers with Plaintiff's and each Class member's identity.

83.    Each instance in which Defendants collected, stored, used or otherwise obtained Plaintiff and/or members of the Class's biometric identifiers or biometric information constitutes a separate violation of the statutory right of Plaintiff and each putative Class member to keep private their biometric identifiers, as set forth in BIPA, 740 ILCS 14/1, *et seq.*

84.    On behalf of herself and members of the proposed Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements; (2) statutory damages of $5,000 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or,

alternatively, statutory damages of $1,000 for each and every violation pursuant to 740 ILCS 14/20(1) if the violations are found to have been committed negligently; and (3) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II**
**Violations of 740 ILCS 14/15(c)**
**Profiting from Biometric Identifiers or Information**
**(on behalf of Plaintiff and the Class)**

85.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

86.     BIPA prohibits a private entity from "sell[ing], leas[ing], trad[ing], or otherwise profit[ing] from a person's or a customer's biometric identifier or biometric information." *See* 740 ILCS 14/15(c).

87.     Defendants fail to comply with this BIPA mandate.

88.     Because Defendants are business entities, they each are a "private entity" under BIPA. *See* 740 ILCS § 14/10.

89.     Plaintiff and the Class are individuals who had their biometric identifiers or information captured and/or collected by Defendants, as explained in detail in above. *See* 740 ILCS 14/10.

90.     Plaintiff and the Class's biometric identifiers or information were capable of identifying them (and were used to identify them).

91.     Defendants possess Plaintiff and the Class's biometric identifiers and/or biometric information.

92.     Defendants profit from Plaintiff and the Class's biometric identifiers and/or biometric information through the advertising revenue generated through the games available on the JustPlay mobile application.  Further, Defendants rely on biometric ID verification to offer

cash payments, and the cash payments are necessary for user engagement. As such, Defendants' business model relies on Biometrics and Defendants profit from the use of Biometrics.

93.  By profiting from Plaintiff and the Class's biometric identifiers and/or biometric information, Defendants violated their rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/10(c).

94.  On behalf of herself and the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, capture, storage, use and dissemination of biometric identifiers and biometric information as described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

### COUNT III
**Violations of 740 ILCS 14/15(a)**
**Failure to Institute, Maintain, and Adhere to Publicly Available Retention Schedule**
**(on behalf of Plaintiff and the Class)**

95.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

96.  BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention—and, importantly, deletion—policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

97.  Defendants failed to comply with these BIPA mandates.

98.    Defendants are each a "private entity" under BIPA. *See* 740 ILCS 14/10.

99.    Plaintiff and the Class are individuals who had their biometric identifiers or information captured and/or collected by Defendants, as explained in detail above. *See* 740 ILCS 14/10.

100.    Defendants failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

101.    Thus, Defendants lacked retention schedules and guidelines for permanently destroying Plaintiff and the Class's biometric data and have not and will not destroy Plaintiff and the Class's biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

102.    On behalf of herself and the Class, Plaintiff seeks: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA's requirements for the collection, capture, storage, and use of biometric identifiers and biometric information as described herein pursuant to 740 ILCS 14/20(4); (3) liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the proposed Class, respectfully request that this Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B. Declaring that the actions of Defendants, as set out above, violate BIPA, 740 ILCS l4/1, *et seq.*;

C. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Illinois Class, including, *inter alia*, an order requiring that Defendants ensure its collection, storage and usage of biometric identifiers complies with BIPA;

D. Awarding Plaintiff and the Class statutory damages of $5,000 for each and every intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

E. Awarding Plaintiff and the Class reasonable litigation expenses and attorney's fees;

F. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Awarding such other and further relief as equity and justice may require

## JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

Dated: October 24, 2024

Respectfully submitted,

*/s/ Gary M. Klinger*
Gary M. Klinger (IL Bar No. 6303726)
Alexander E. Wolf (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
Email: gklinger@milberg.com
    awolf@milberg.com

Jeff Ostrow (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW P.A.**
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
(954) 332-4200
ostrow@kolawyers.com

*Attorneys for Plaintiff and
the Putative Class*